By the Court.
A number of grounds of error are urged which will be considered seriatim.
1. As to the mayor’s jurisdiction. It is insisted that the mayor of the village of Bedford could have no jurisdiction over an offense committed in the village of Lakewood, and if the claim of jurisdiction is believed to be based on section 1536-876, then that section is .in conflict with article 4, section 10 of the constitution. The clause referred to provides that “the judges other than those provided in this constitution shall be elected by the electors of the judicial district for which they may be created.” The point is not well taken. Section 18 of the same article provides that “the several judges of the supreme court * * * and of such other courts as may be created, shall respectively have and exercise such power and jurisdiction, at chambers or otherwise, as may be directed by law. ” It is apparent that the provision of section 10 applies to the district for election purposes, and does not affect the matter of jurisdiction, *124 power to provide which is specifically given to the-general assembly by section 18. Steamboat Northern Indiana v. Milliken, 7 Ohio St., 383; The State v. Peters, 67 Ohio St., 494.
2. The affidavit of prejudice. This proposition of' error, is based on section 550, Revised Statutes. This section applies to judges of the court of common pleas. It has no application whatever to mayors;, nor is there, so far as we are aware, any provision of like character which affects mayors. The affidavit, of prejudice was properly ignored.
3. Joinder of counts. The law in Ohio is well settled. There was no error in overruling the motion, to require the state to elect. Bailey v. The State, 4 Ohio St., 440; Eldredge v. The State, 37 Ohio St., 191; State v. Bailey, 50 Ohio St., 636.
4. The demand for a jury. This demand was made. upon the claim that as there were three counts in the-affidavit, there were three separate offenses charged, and inasmuch as a party on conviction of a third offense may be imprisoned as part of the sentence, he-would be entitled to be tried by a jury. This claim rests upon a misconception of the statute. The term “offense” in the statute embraces the entire-charge though there may be a number of counts. The provision as to punishment is that the convicted, party shall “be fined not more than two hundred dollars nor less' than fifty dollars for the first offense,, and shall for a second offense be fined not more than five hundred dollars nor less than one hundred dollars, and for any subsequent offense be fined not less-than two hundred dollars and be imprisoned not. more than sixty days and not less than ten days.” The manifest purpose is to increase the penalty for offenses after the first because the party has per *125 ■sisted in violating the law. With this purpose in mind it seems clear that the term “second offense” means second conviction. Hence, as this was the first trial for the violation of the law there could he no imprisonment as part of the sentence, and the party was not, therefore, entitled to a jury.
5. The objection to the admission of record evidence respecting the election in the hamlet of Lakewood presents the question whether the statute, sections 4364-20a and -20b, which makes provision for such election applies to hamlets. We are of opinion that its terms are broad enough to embrace hamlets. The opening clause covers in plain terms “any municipal corporation.” By the provision of statute then in force a hamlet was a municipal corporation. It is true that the statute uses the term “council” as the governing body, and the term “mayor” as the executive, yet in hamlets there were trustees who stood to the hamlet as the council stands to the village or city, and the president of the board of trustees stood to the hamlet as the mayor stands to the village or city. The statute is a police regulation enacted in the interest of good order in municipalities, and should receive a reasonable construction. No reason exists for such a regulation in a village which would not equally apply to a hamlet, and the terms of the statute, except in the particulars named, are broad, and clearly include all municipalities.- This conclusion is in accord with the holding of the circuit court of the eighth circuit In re Annexation of Territory to Township of Newburgh, 8 Circ. Dec., 24; 15 C. C. R., 78; and in The State v. Keeler, 10 Circ. Dec., 160; 19 C. C. R., 149.
6. Complaint is made that the rulings of the mayor respecting the cross-examination of some of the *126 state’s witnesses worked prejudice to the defendant in that he was prevented from showing interest on the part of such witnesses in the event of prosecution. The extent to which cross-examination may be conducted is usually a matter of discretion oh the part of the trial court. The questions refused were mainly repetitions of questions which had been put in another form and answered. We fail to discover that the discretion was abused or that the limit placed on the cross-examination was an unreasonable one. We find no prejudicial error in the rulings as to testimony.
7. It is further contended that the trial court erred in not dismissing the complaint at the conclusion of the state’s testimony because the case was rested by the state on the uncorroborated testimony of private detectives in the employ of the Anti-Saloon League. It is true that the testimony of hired detectives should be received with caution and carefully scrutinized, but it is not, as matter of law, error for the court to found a conviction upon such testimony. The sufficiency of the evidence in this case has passed the scrutiny of the common pleas and the circuit court, and it is not important that it be further discussed here.
8. The sentence. It is insisted that it was excessive. We think this point is well taken. For reasons stated under paragraph four, the conviction which resulted was the first conviction. For this the maximum fine provided by the statute is two hundred dollars. The sentence of three hundred dollars being excessive the judgment of sentence will be reversed and the cause remanded for resentence, in conformity with the direction herein.

*127
Judgments of the circuit court and the court of common fleas, and of the mayor’s court, reversed and cause remanded to the latter court for sentence.

Spear, C. J., Davis, Shauck, Price, Crew'and Summers, JJ., concur.